**FERRIS v. SWITZER et al.**

Patent Appeals No. 5493.

United States Court of Customs and Patent Appeals.

Jan. 5, 1949.

Parker & Carter and Leslie M. Parker, all of Chicago, Ill. (Spencer B. Michael, of Washington, D. C., of counsel) for appellant.

Ely & Frye and Albert L. Ely, Jr., all of Akron, Ohio, for appellees.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL and JOHNSON, Judges.

O'CONNELL, Judge.

The junior party, Ferris, appeals here from the decision of the Board of Interference Examiners of the United States Patent Office awarding priority of the subject matter defined by the counts in issue (Nos. 1 and 2) to appellees, the senior party, Switzer et al.

Switzer et al. filed their application October 9, 1941; Ferris on December 22, 1941. Ferris was granted a patent May 18, 1943. The party Ferris moved that the interference be dissolved on the ground that appellees had no right to make either of the counts. The examiner denied the motion, holding that the counts were supported by the disclosures of Examples 1 and 3 as set forth in appellees' application. Neither party submitted evidence at the final hearing but both appeared and argued under the provisions of Rule 130.

Appellant is the junior party and the burden was upon him to establish priority of invention by a preponderance of the evidence.

The counts which originated in the patent to Ferris sufficiently describe the involved invention and call for (1) a method of making a fluorescent device, and (2) for a fluorescent device as an article of manufacture.

The counts read:

"1. The method of making a fluorescent device use at a distance from a source of ultra-violet light, comprising impregnating plastic material, while in a plastic condition, with fluorescent material and fusing a backing of white non-fluorescent cellulose material to said fluorescent material so that when ultra-violet light is directed upon said plastic material impregnated with fluorescent material, the fluorescent energy within the plane of the plastic material is greatly increased.

"2. A fluorescent device for use at a distance from a source of ultra-violet light comprising a front member of plastic material impregnated with fluorescent material and a back member of non-fluorescent

white cellulose material, the two members being fused together to form a unitary structure so that when ultra-violet light is directed upon said front member impregnated with fluorescent material, the fluorescent energy within the plane of the front member is greatly increased."

The invention has for one of its objects to provide a device consisting of plastic material impregnated with fluorescent material and formed into sheets or molded form and applying thereto a backing of white non-fluorescent material. The fluorescent sheetings of both parties, as the record discloses, are particularly designed for use in signs or displays which may be seen from a distance under black-out conditions.

The Board of Interference Examiners held that the examiner's decision on the appellant's motion to dissolve was incorrect and reversed it with respect to appellees' Example 3. It agreed, however, with the examiner's reasoning and decision with reference to appellees' Example 1 and held that it supported both the counts here in issue.

Appellees' Example 1 reads as follows: "Example 1: A plurality of fibrous sheets, such as cloth or paper, are impregnated, as by dipping, with a butyl alcohol solution of alcohol-modified urea-formaldehyde resin, or other suitable thermo-setting resins, and then air-dried. The sheets are preferably white or the resin may contain a dispersion of white or other light reflecting non-fluorescent pigment. Another fibrous sheet is then impregnated with a butyl alcohol solution of alcohol-modified urea-formaldehyde resin, having proper viscosity for dipping, and containing not more than 5% nor less than 0.2% by weight of the solid resin of a fluorescent dye, such as meta diethylaminophenol-phthalein, dissolved in the resin. After the sheet impregnated with the fluorescent resin is air-dried, it is placed at the top or bottom of a stack of sheets impregnated with the non-fluorescent material in a suitable heated press. With the press heated form 150°F. to 300°F., the stack of impregnated sheets is subjected to pressure ranging between 3500 to 1500 pounds per square inch to fuse the thermo-setting resin into a dense, impervious mass enclosing the fibruous sheets.

The time the sheets are kept in the press depends, of course, upon the temperatures and pressures employed. Thus, with four or five sheets impregnated with non-fluorescent resin and an outer sheet impregnated with the fluorescent dyed resin placed in a press under 2500 pounds per square inch pressure and maintained at 250°F. for one-half hour, a dense, hard sheet, having a plurality of lamina of fibrous material and a fluorescent surface, will be formed. The surface of the sheet will retain its fluorescent brightness under prolonged exposure to light. Obviously, both the top and bottom sheets, or all the sheets stacked in the press, may be impregnated with the dyed resin, but since it is usually desired to have only the surface of the fused sheet fluorescent, it is usually sufficient to have only one, or two, outer lamina impregnated with the fluorescent resin. Also, the practice of employing metal slip sheets to separate several stacks of impregnated fibrous sheets may be followed so that several fused sheets may be obtained in one press operation. Further, the practice of covering the stacks with non-adherent material or like standard practices to prevent the resinous mass from sticking in the press may be followed."

Count 2 defines a structure which includes a fluorescent plastic front member and a non-fluorescent white cellulose back member, the two being fused together to form a unitary structure.

Appellant contends that in appellees' Example 1, the two members therein disclosed, namely, the front and back members, are not fused together to form a unitary structure.

Appellant, generally, discusses appellees' disclosure in connection with both counts of the interference, rather than separately with regard to each count.

The word "fusing" occurs in count 1, and the word "fused" in count 2. As typical of the definitions to be found in modern dictionaries, and as defining the exact meaning of the words "fuse" and "fused," as applied to physical things, appellant quotes from Webster's New International Dictionary, Second Edition, Vol. I, page 1022, as follows:

"fuse v. Transitive: 1. To liquefy by heat; to render fluid; dissolve; melt. 2. To unite or blend, as if melted together.

"Intransitive: 1. To be reduced from a solid to a fluid state by heat; to be melted; to melt.

"2. To be blended or unite, as if melted together.

"fused adj. Melted; also, united; blended."

Appellant directs particular attention to the limitation in count 1 which calls for "fusing a backing of white nonfluorescent cellulose material to said fluorescent material." He asserts that when the word "fusing" is given its normal and expected meaning, it can mean only that the white, nonfluorescent backing material is fused and joined by fusion to the fluorescent material; that the only possible white, nonfluorescent backing disclosed in appellees' Example 1 is that described as "A plurality of fibrous sheets, such as cloth or paper."

Those fibrous sheets, appellant urges, are not fused and cannot be fused for the stated reason that such material will burn before it is heated to a point at which fusion can occur; and that the disclosure of Example 1 indicates that the fibrous sheets are not fused but merely cemented together by means of a thermo-setting resin, which resin itself does not constitute a white, non-fluorescent backing. Appellees' Example 1, according to appellant, does not disclose a method of fusing two plastic layers or sheets together.

The Board of Interference Examiners adopted the technical definition of the words "fusing" and "fused" hereinbefore urged by appellant and, accordingly, held that to meet the requirements of the counts,

there must be a melting together, however slight, of the described front and back members at the area of contact.

Furthermore, the tribunals of the Patent Office noted that, in indicating the composition of the front and the back layer of the described material, the terms of the counts are merely non-exclusive terms, such as "comprising" and "of", and that, accordingly, other materials could be present in each such layer. On that basis, the board held that the examiner was correct in assuming that there was a fusing of the cellulose backing to the fluorescent-plastic material, as disclosed in appellees' Example 1, since the backing material disclosed by them contained a plastic impregnated in it which fused to the plastic in the front material.

In summarizing its position, the board held that appellees' Example 1, hereinbefore set forth, disclosed: " * * * a white multi-layer backing of cellulosic sheets impregnated with a thermo-setting non-fluorescent plastic material fused together with a cellulosic sheet impregnated with a plastic material containing the fluorescent dye. * * *"

There is nothing in appellant's reasons of appeal, nor in the arguments based thereon, which leads the court to believe that the decision of the Board of Interference Examiners was erroneous and should be reversed. In view of that conclusion, it is deemed unnecessary to state and pass upon other and subordinate points raised by appellant. The decision of the Board of Interference Examiners awarding priority of the subject matter of the invention to Joseph L. Switzer and Robert C. Switzer, the senior party, is accordingly affirmed.

Affirmed.